PEOPLE ex rel. NEWBURGH SAV. BANK v. PECK et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

TAXATION—EXEMPTIONS—SAVINGS BANKS.
    The surplus fund of a savings bank is exempt from taxation.

Appeal from special term, Orange county.

Certiorari by the people, on the relation of the Newburgh Savings Bank, against George W. Peck, assessor of the city of Newburgh, and others, to review an assessment of personal property for taxation. From an order of the special term (50 N. Y. Supp. 820) directing that

an assessment against relator be set aside and canceled and stricken from the assessment roll as unauthorized, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. L. Waring, for appellants.

Charles F. Brown, for respondent.

PER CURIAM. The learned opinion which accompanied the decision made by the court below renders it unnecessary for us to further discuss the questions presented by this appeal. All of the points now urged by the appellants were fully discussed by the court below, and, so far as the result is concerned, we concur in the disposition made of the matter and in the reasons assigned in the opinion for such conclusion. Upon one point, however, we do not think that we should commit ourselves to the views expressed by the court in its opinion. This relates to the construction placed upon the act of 1866. While we agree that such act, as well as its amendment in 1867, has been and now remains repealed for the reasons assigned in the court below, yet, if such acts were in force, we should hesitate in asserting that their proper construction, assuming thereby that taxation of the franchise of the bank, and also taxation of the surplus, was intended, would constitute double taxation. It is quite possible to view these two subjects as referring to distinct and separate properties. The franchise is one thing, the surplus produced by the business conducted under it is quite another; and one might well be held to have no relation to the other, as an object of taxation. Bank of Commerce v. Tennessee, 161 U. S. 134, 16 Sup. Ct. 456. However this may be, it cannot affect the result which has been reached. In all other respects we concur in the views expressed by the court below.

The order should therefore be affirmed, with $10 costs and disbursements.